UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Gary Lamar,

                           Plaintiff,                        **Hon. Hugh B. Scott**

                                                          10CV761
                    v.

                                                          **Decision &**
                                                           **Order**

Officer C. Kisrel, et al.

                           Defendants
_____

Before the Court is the defendant David Unger's motion to dismiss (Docket No. 16).[1]

## Background

The plaintiff, Gary Lamar ("Lamar"), commenced this action alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983. More specifically, Lamar states that he was assaulted by defendant Correctional Officer C. Kisrel ("Kisrel") while incarcerated at the Wyoming Correctional Facility ("Wyoming") on June 11, 2010. (Docket No. at page 7). Lamar also asserts a claim against defendant Superintendent David Unger ("Unger") based upon the general assertion that Unger "permitted an environment of tolerance for excessive force" by correction

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. §636. (Docket No. 13).

1

officers at Wyoming. (Docket No. 1 at page 9).

Defendant Unger moves to dismiss the claim against him on the ground that the plaintiff has failed to state a claim against Unger. (Docket No. 17 at page 2). The instant motion does not relate to defendant Kisrel.

**Standard of Review**

The Supreme Court has clarified the pleading standard required to withstand a motion to dismiss. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1950 (2009) (internal citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 565-66 (2007).  Under Iqbal, factual allegations must be sufficient to support necessary legal conclusions. Iqbal, 129 S.Ct. at 1950-51. "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir.2010) ( quoting Iqbal, 129 S.Ct. at 1950).  The Court must then consider the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief.  Iqbal, 129 S.Ct. at 1951; see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir.2009).

**Personal Involvement**

The defendants contend that the plaintiff has not, and cannot, establish that Unger was personally involved in the alleged June 11, 2010 incident. Further, defendants argue that the plaintiff cannot maintain a claim against Unger based solely upon Unger's supervisory role. (Docket No. 17 at page 3).

It is well-settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir.1994). Plaintiff must allege a "tangible connection between the acts of a defendant and the injuries suffered." Bass v. Jackson, 790 F.2d 260, 263 (2d Cir.1986). The doctrine of *respondeat superior* is not applicable to § 1983 actions brought against prison officials. Monell v. Dep't of Social Serv. of New York, 436 U.S. 658, 692 (1978); Bass, 790 F.2d at 263. Thus, the mere fact that a defendant may have been in a "high position of authority is an insufficient basis for the imposition of personal liability" under § 1983. McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir.1977); *see also* Wright, 21 F.3d at 501. There are a number of ways in which a defendant in a supervisory position may be found personally involved in, and therefore liable for, constitutional violations, including: (1) direct participation, (2) failure to remedy a wrong after learning of it, (3) creation or tolerance of a policy under which unconstitutional practices occurred or were allowed to continue, or (4) gross negligence in managing subordinates who committed the violations. Wright, 21 F.3d at 501 (citations omitted); Doyle v. Coombe, 976 F.Supp. 183, 191-192 (W.D.N.Y.1997), *aff'd* 159 F.3d 1346, 1998 WL 537066 (2d Cir.1998); Shell v. Brzezniak, 365 F.Supp.2d 362 (2005), 373 -374 (W.D.N.Y.,2005).  The Supreme Court has held that a municipality will be liable for inadequate

training or supervision of its employees "only where the failure to train amounts to deliberate indifference to the rights" of those with whom municipal employees will come into contact. City of Canton v. Harris, 489 U.S. 378, 388 (1989). The Second Circuit set forth the following three-part test for determining whether a municipality's failure to train or supervise rises to the level of deliberate indifference:  First, the plaintiff must show that a policymaker knows "to a moral certainty" that her employees will confront a given situation.... Thus, a policymaker does not exhibit deliberate indifference by failing to train employees for rare or unforeseen events. Second, the plaintiff must show that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation.... [Third,] the plaintiff must show that the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights. Walker v. City of New York, 974 F.2d 293, 297 (2d Cir.1992) (citations omitted). However, to defeat a motion for summary judgment on a § 1983 claim, a plaintiff must do more than "simpl[y] recit[e] ... a failure to train municipal employees." Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir.1993). A plaintiff must produce "some evidence that policymakers were aware of a pattern of [unconstitutional conduct] but failed to [respond]." Walker, 974 F.2d at 300.

  In the instant case, the plaintiff's complaint does not reflect any knowledge on the part of Unger relating to any specific danger to Lamar prior to the alleged incident on June 11, 2010. Although Lamar expresses displeasure with the adequacy of the post-incident investigation, he does not present any evidence or articulate any basis to conclude that Unger was aware of a pattern of unconstitutional conduct by correctional officers at Wyoming.  The plaintiff's response to the instant motion (Docket No. 19) was merely a copy of the allegations asserted in the

complaint. In light of the above, the plaintiff has failed to state a claim against Unger.

### Conclusion

Based on the above, the motion to dismiss the complaint as against defendant Unger is granted. A status conference shall take place on November 29, 2011 at 2:30 p.m. before the undersigned to discuss the scheduling of further proceedings in this case relating to the remaining defendant.  Inasmuch as the plaintiff is incarcerated, counsel for the defendant is directed to notify the facility at which the plaintiff is located to ensure that arrangements are made by the facility to allow the plaintiff with access to a telephone, as well as access to his legal papers relative to this action.  Counsel for the defendant is directed to advise the court of a telephone number to be used for the conference.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
September 23, 2011