UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Gary Lamar,

                                 Plaintiff,                      **Hon. Hugh B. Scott**

                                                                              10CV761
                                 v.                                 (Consent)[1]

                                                                              **Order**

Officer C. Kisrel, et al.

                                 Defendants

      Before the Court is the plaintiff's motion to extend the time in which his deposition is to take place (Docket No. 49). Also pending at this time, is the defendant's motion to dismiss the complaint in its entirety based upon an alleged failure to prosecute (Docket No. 43).

      The plaintiff commenced this action pursuant to 42 U.S.C. §1983 alleging that defendant Christine Kisrel-Greenwald violated his civil rights by using excessive force on him in an incident June 11, 2010. (Docket No. at page 7). Defendant Kisrel-Greenwald denies the allegation. (Docket No. 9).[2] The defendant has sought to take the deposition of the plaintiff, who has been released from custody and now resides in the New York City area. However, the plaintiff has advised the defendant's counsel that he will not travel to Buffalo for the deposition.

---

    [1] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. §636. (Docket No. 13).

    [2] The plaintiff also asserted a claim against Superintendent David Unger. The complaint was dismissed as against Under based upon a lack of personal involvement in the underlying conduct. (Docket No. 21).

A conference was held with the Court on November 29, 2011 regarding this matter. The plaintiff participated in that conference by telephone. (Docket No. 24). At that time, the plaintiff advised the Court that he cannot afford to travel to Buffalo. In addition, the plaintiff stated that he has gun shot fragments in his lower back which makes travel difficult.

In light of the plaintiff's statement that he cannot travel to Buffalo to prosecute this action, the defendants filed their first motion to dismiss the complaint based upon a failure to prosecute the action. (Docket No. 26).  In response to that motion, the plaintiff reiterated that he could not afford to travel to Buffalo, and asked for his case to be "heard in my absence". (Docket No. 31 at page 2).

As the Court has advised the plaintiff on numerous occasions, the plaintiff has an obligation to prosecute this action. <u>Jafree v. Scott</u>, 590 F.2d 209, 211 (7th Cir.1978) (in a civil rights action, "the basic duty of prosecuting the action remains on the plaintiff who brought it"); <u>Harrell v. Palmer</u>, 2010 WL 727980 (E.D.Cal.2010)(Plaintiff is reminded that he filed this civil rights action and has a duty to diligently prosecute this case in good faith).  If this case were to proceed to trial, the plaintiff would be required to be present in Buffalo for the duration of the trial.

With respect to the plaintiff's deposition, to accommodate the plaintiff, the Court directed that the parties conduct the deposition by telephone or video conference.  This Court's February 9, 2012 Order clearly set forth the plaintiff's obligations with respect to the deposition:

> **The plaintiff is advised that it is his responsibility to make arrangements and incur the cost to have an individual qualified to take oaths [] available at the appropriate time and place to administer the oath required by Fed.R.Civ.P. 28(a), and that his failure to cooperate with the telephone or video deposition process contemplated by his Order, or to otherwise refrain from conduct causing further unreasonable delay in the proceedings, will be considered as grounds for immediate**

> **dismissal of the action, in its entirety and on the merits, for failure to prosecute.**

(Docket No. 35 at page 3)(Bold type and underlining in original for emphasis).

The Court's February 9, 2012 Order directed that the deposition take place on or before April 16, 2012. It appears that the deposition did not take place, at least in part, due to the fact that the plaintiff did not arrange to have an individual qualified to take oaths available for the deposition. Thus, the defendant's have filed another motion to dismiss based upon the plaintiff's failure to prosecute. (Docket No. 43). In the instant motion, the plaintiff states that he was not aware that he had to arrange for the presence of an individual to take oaths. (Docket No. 49 at page 2).

In light of the language in the February 9, 2012 Order, the plaintiff's claim that he was not aware of his responsibility to arrange for an individual to take oaths is not convincing. Notwithstanding, the Court will afford the plaintiff one last opportunity to prosecute this case. The time in which to take the deposition of the plaintiff is extended to May 16, 2012. As previously directed, the plaintiff is responsible for making satisfactory arrangements to have the deposition recorded in a appropriate manner and for the presence of an individual to take oaths.

The defendant's motion to dismiss based upon a failure to prosecute is held in abeyance. The plaintiff shall respond to the motion on or before May 23, 2012.

Presuming the plaintiff's deposition takes place on or before May 16, 2012, the following schedule shall apply:

1. The plaintiff shall identify experts, if any, and provide written reports in compliance with Rule 26(a)(2) no later than **June 1, 2012**; the defendant shall identify experts, if any, and provide written reports in compliance with Rule 26(a)(2) no later than **July 2, 2012**. See Local Civil Rule 26. All expert discovery shall be completed on or before **July 16, 2011**.

3. Dispositive motions, if any, shall be filed by **August 16, 2012.**

4. In the event no dispositive motions are filed, on or before **September 7, 2012**, the parties shall file pretrial statements including: (1) a list of witnesses and a brief description of anticipated testimony; (2) a list of exhibits to be offered as evidence; (3) proposed jury instructions. the parties shall also file any *in limine* motions addressing anticipated evidentiary issues by this date.

5. A jury trial in this case shall commence on **September 24, 2012 at 9:00 am** before the undersigned at 2 Niagara Square, Buffalo, New York. **If the plaintiff fails to appear for the trial, the complaint will be dismissed based upon a failure to prosecute.**

The parties's attention is directed to Fed. R. Civ. P. 16(f) calling for sanctions in the event of failure to comply with any direction of this Court.

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
April 27, 2012