UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Gary Lamar,

Plaintiff,

**Hon. Hugh B. Scott**

v.                                                    10CV761
                                                       (Consent)[1]

**Decision
& Order**

Officer C. Kisrel, et al.

Defendants

_____

Before the Court is the defendant's motion to dismiss the complaint in its entirety based

upon an alleged failure to prosecute (Docket No. 43).

The plaintiff commenced this action pursuant to 42 U.S.C. §1983 alleging that defendant

Christine Kisrel-Greenwald violated his civil rights by using excessive force on him in an

incident June 11, 2010. (Docket No. at page 7).  Defendant Kisrel-Greenwald denies the

allegation. (Docket No. 9).[2]  During the discovery period in this case, the defendant sought to

---

[1]  The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28
U.S.C. §636.  (Docket No. 13).

[2]  The plaintiff also asserted a claim against Superintendent David Unger. The complaint
was dismissed as against Under based upon a lack of personal involvement in the underlying

take the deposition of the plaintiff, who has been released from custody and now resides in the

New York City area. The plaintiff advised the defendant's counsel that he will not travel to

Buffalo for the deposition.  A conference was held with the Court on November 29, 2011

regarding this matter. The plaintiff participated in that conference by telephone. (Docket No. 24).

At that time, the plaintiff advised the Court that he cannot afford to travel to Buffalo, whether for

a deposition or for any eventual trial in this case. The Court advised the plaintiff, on numerous

occasions, that he has an obligation to prosecute this action. Jafree v. Scott, 590 F.2d 209, 211

(7th Cir.1978) (in a civil rights action, "the basic duty of prosecuting the action remains on the

plaintiff who brought it"); Harrell v. Palmer, 2010 WL 727980 (E.D.Cal.2010)(Plaintiff is

reminded that he filed this civil rights action and has a duty to diligently prosecute this case in

good faith), and that if the case were to proceed to trial, the plaintiff would be required to be

present in Buffalo for the duration of the trial.

      In light of the plaintiff's representation, the defendants filed their first motion to dismiss

the complaint based upon a failure to prosecute the action. (Docket No. 26).  In response to that

motion, the plaintiff reiterated that he could not afford to travel to Buffalo, and asked for his case

to be "heard in my absence". (Docket No. 31 at page 2).  The Court again advised the plaintiff of

his obligation to prosecute this action if he wanted to proceed with his claim against the

defendant.  The Court denied the motion to dismiss, and to accommodate the plaintiff, the Court

directed that the parties conduct the plaintiff's deposition by telephone or video conference.  The

Court's February 9, 2012 Order, following Cunningham v. St. Bonaventure University, 2011 WL

1343151 (W.D.N.Y. 2011)(Curtain, D.J.), advised the plaintiff of his responsibilities relating to

conduct. (Docket No. 21).

the arrangements for the deposition. (Docket No. 35 at page 3). The Court's February 9, 2012

Order also directed that the deposition take place on or before April 16, 2012.

The deposition did not take place by that date, at least in part, due to the fact that the

plaintiff did not arrange to have an individual qualified to take oaths available for the deposition.

Thereafter, the defendants filed the instant motion to dismiss based upon the plaintiff's continued

failure to prosecute. (Docket No. 43).  In response, notwithstanding the language in the Court's

Order (Docket No. 35), the plaintiff stated that he was not aware that he had to arrange for the

presence of an individual to take oaths. (Docket No. 49 at page 2).  To afford the plaintiff still a

further opportunity to prosecute this action, the Court extended the time in which to take the

deposition of the plaintiff was to take place to May 16, 2012. The defendant's instant motion to

dismiss based upon a failure to prosecute was held in abeyance pending the parties continued

attempts to conduct the plaintiff's deposition.  The Court directed that the plaintiff respond to the

instant motion on or before May 23, 2012. (Docket No. 50).

The plaintiff's deposition was not conducted by May 16, 2012.  Instead, the plaintiff

submitted a response[3] to the motion to dismiss (Docket No. 51) in which he states that due to his

financial challenges, he is unable to make arrangements for his deposition to be conducted in this

matter, or to otherwise prosecute this case.  The plaintiff states that he understands that due to his

lack of resources to prosecute this case, the "next step is to have this case dismissed."  (Docket

_____

[3]  The plaintiff's response was labeled as a being a "Notice of Motion."  The content
reflects that the document is a response to the instant motion to dismiss, and not a motion for
relief.  The document was received by defendant's counsel. Although the document reflects that a
copy was also mailed to the Court, the Court did not receive a copy. Counsel for the defendant
forwarded a copy of the document to the Court which has been filed as the plaintiff's response to
the instant motion (Docket No. 51).

No. 51 at pages 1-2).   By letter dated May 30, 2012 (attached), the defendant requests that the

Court consider, and grant, the instant motion to dismiss based upon the plaintiff's continued

failure to prosecute this action.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss a

case based upon the plaintiff's failure to prosecute. Rule 41(b) provides that,

> [i]f the plaintiff fails to prosecute or to comply with these rules or a
> court order, a defendant may move to dismiss the action or any
> claim against it. Unless the dismissal order states otherwise, a
> dismissal under this subdivision (b) and any dismissal not under
> this rule—except one for lack of jurisdiction, improper venue, or
> failure to join a party under Rule 19—operates as an adjudication
> on the merits.

Dismissal of an action with prejudice under this rule is a "harsh remedy to be utilized

only in extreme situations." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir.2001)

(internal quotation marks and citation omitted).   However, it is the plaintiff's responsibility to

pay for the costs of litigation other than the fees and specified items waived by the grant of the

plaintiff's *in forma pauperis* status. Tabron v. Grace, 6 F.3d 147 (3d Cir.1993) ("There is no

provision in the [IFP] statute for the payment by the government of the costs of deposition

transcripts, or any other litigation expenses, and no other statute authorizes courts to commit

federal monies for payment of the necessary expenses in a civil suit brought by an indigent

litigant.").   In this regard, the Court in Doe v. U.S., 112 F.R.D. 183 (S.D.N.Y. 1986), stated:

> Litigants generally bear their own deposition expenses initially.
> The exceptions to this rule are few. While the prevailing party in
> an action may recover certain deposition expenses from the
> opposing party, including stenographic and transcription costs, ...
> and while a court may in certain instances order a defendant to
> advance the travel expenses involved in plaintiff's deposing him
> outside the district where the action is lodged, ... a defendant is not

4

> required to advance a plaintiff's stenographic and transcription
> deposition expenses merely because a plaintiff is unable to pay for
> such expenses. Indeed such a rule would in effect force defendants
> to finance much of their indigent adversary's trial preparation,
> regardless of the outcome of the case.

Doe, 112 F.R.D. at 184-185. See also Ortiz v. Baird, 2012 WL 1391649 (W.D.Pa. 2012)(It is the

plaintiff's obligation to pay for deposition transcripts or other litigation expenses that arise during

the course of a civil suit brought by an indigent litigant.).  Dismissal pursuant to Rule 41 is also

appropriate where the plaintiff advises the Court that he cannot travel to the district to prosecute

his claim. Quattlebaum v. McDonald, 2012 WL 386724 (N.D.N.Y. 2012)(Complaint dismissed

pursuant to Rule 41 after plaintiff advised Court that he could not afford to travel to the district).

In the instant case, as discussed above, notwithstanding efforts to accommodate the

plaintiff's ability to prosecute his claims, the plaintiff has not made necessary arrangements to

proceed with discovery in this case.  Further, the plaintiff has advised the Court that he would not

be able to travel to this district for any trial in this case.  The plaintiff's financial inability to

participate in the discovery process has already resulted in significant delay in this matter.

Further, the plaintiff has not represented that he would have any ability to prosecute this case in

the future (but instead, has acknowledged that dismissal of this action in the "next step").

(Docket No. 51).

In light of the above, dismissal of the complaint pursuant to Rule 41(b) is appropriate.

The complaint is dismiss with prejudice.  The Clerk of the Court is directed to close this case.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this

Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor

person is denied.  Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

Further requests to proceed on appeal as a poor person should be directed, on motion, to the

United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal

Rules of Appellate Procedure.

So Ordered.


/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
June 12, 2012

6